# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

ROBERT RANDALL ROSS                                              PETITIONER

v.                              NO. 5:07CV00125 WRW/HDY

LARRY NORRIS, Director of the                                   RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge William R. Wilson, Jr.  Any party may serve and file written objections to these findings and recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, Arkansas 72201-3325

<u>DISPOSITION</u>

<u>STATE COURT PROCEEDINGS</u>.  The events giving rise to the proceeding at bar were

summarized by the Arkansas Court of Appeals as follows:

> A Hot Spring County jury found ... Robert Randall Ross guilty of
> possession of methamphetamine, manufacturing methamphetamine, and
> possession of drug paraphernalia with intent to manufacture
> methamphetamine. ... On May 2, 2005, [he] filed both a motion for a new
> trial and a Rule 37 petition for postconviction relief.  The trial court
> entered the judgment and commitment order on May 4, 2005.  On May 20,
> 2005, the trial court also entered an order dismissing [his] Rule 37 petition,
> and on May 25, 2005, [he] filed a motion to reconsider the denial of his
> Rule 37 petition.  On May 26, 2005, [Ross] filed his notice of appeal from
> the judgment and commitment order, the denial of his Rule 37 petition,
> the denial of his motion for a new trial, [footnote omitted], and the denial
> of his pretrial motion to suppress evidence.  On June 1, 2005, the trial
> court denied [his] motion to reconsider the denial of his Rule 37 petition
> and his motion for a new trial.  On June 7, 2005, [Ross] filed an amended
> notice of appeal to include the denial of his motion for reconsideration of
> the court's denial of his Rule 37 petition.

See <u>Ross v. State</u>, 2006 WL 1694902 at 1 (Ark.Ct.App. 2006).  In the amended notice of

appeal, petitioner Robert Randall Ross ("Ross") advanced the following claims: (1) he

received ineffective assistance of counsel, (2) his motion for new trial was erroneously

denied, (3) the evidence to convict him was not sufficient because the circumstantial

evidence was not substantial and the accomplice testimony was not corroborated; and

(4) the trial court committed cumulative error.  With specific regard to his claim of

cumulative error, he maintained the following:

(1) the prosecutor made prejudicial remarks in his opening statement regarding his opinion that methamphetamine was the worst drug in existence and that it was invented by the Nazis; (2) [Ross'] double jeopardy right was violated; (3) there was juror misconduct; (4) the jury failed to follow the law in that accomplice testimony alone was insufficient to convict him; (5) the jury should have considered the relevant factors in a joint occupancy automobile possession case; and (6) a jury instruction on constructive possession in joint automobile occupancy cases was proffered and denied.

See Id. at 7.  The state Court of Appeals found no reversible error and affirmed the judgment of conviction and the denial of Ross' various post-trial submissions.  See Id.

FEDERAL COURT PROCEEDINGS.  Ross commenced this proceeding by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254.  In that submission, he advanced the following claims: (1) his convictions of possession of methamphetamine and manufacturing methamphetamine violated double jeopardy because the former offense is a lesser-included offense of the latter offense, (2) cumulative error fatally infected his trial, and (3) a new trial should have been granted because of numerous trial errors.

Respondent Larry Norris ("Norris") submitted a response in which he maintained that claims one and two are procedurally barred from federal court review.  He maintained that the claims are so barred because Ross never fairly presented them to the state courts of Arkansas.  Norris also maintained that the state Court of Appeals correctly decided Ross' third claim, and the federal court should defer to the decision.

The undersigned briefly reviewed the parties' submissions and determined that Ross should be notified of the positions advanced by Norris, including his assertions that claims one and two are procedurally barred from federal court review. Ross was so notified and invited to submit a reply.

Ross accepted the invitation by submitting a reply. In that submission, he maintained that he fairly presented the double jeopardy claim to the state Court of Appeals. He maintained that he did so within the context of his challenge to the denial of his motion for new trial and within the context of his cumulative error claim. Ross additionally maintained that he fairly presented the cumulative error claim to the state Court of Appeals but that "[the] appellate court was clearly wrong when it decided that the [claim] had not been preserved for appeal." See Document 9 at 8. Last, he maintained that the state Court of Appeals erroneously decided his claim that a new trial should have been granted and, for that reason, the federal court should not defer to the decision of the state Court of Appeals.

The undersigned has now had an opportunity to thoroughly review the parties' submissions. The undersigned has, in particular, thoroughly reviewed the decision of the state Court of Appeals in affirming Ross' judgment of conviction and in denying his various post-trial submissions. On the basis of that review, and for the reasons that follow, the undersigned recommends that the petition at bar be dismissed and all requested relief be denied.

CLAIM ONE.  The first claim advanced by Ross is that his convictions of possession of methamphetamine and manufacturing methamphetamine violated double jeopardy because the former offense is a lesser-included offense of the latter offense.[1]  For the reason that follows, the undersigned finds that Ross did not fairly present the substance of his claim to the state courts of Arkansas.

"Before seeking federal habeas corpus relief, a petitioner must first fairly present the substance of each claim to the appropriate state court, …"  See Palmer v. Clarke, 408 F.3d 423, 430 (8th Cir. 2005).  If the petitioner fails to "'follow applicable state procedural rules in [presenting] the claim[],' … he is procedurally barred from raising [it] in a federal habeas action …"  See Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997) [quoting Sawyer v. Whitley, 505 U.S. 333, 338 (1992)].

The record reflects that Ross raised his double jeopardy claim in two post-trial submissions: a motion for new trial and a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.  The trial judge rejected Ross' double jeopardy claim in denying his motion for new trial.  The trial judge also rejected the double jeopardy claim in denying Ross' petition for post-conviction relief, finding the following:

---

[1]

Ross specifically maintains that the two convictions constitute multiple punishments for the same offense.  Double jeopardy concerns arise when "multiple punishments are imposed for the same [offense] …"  See United States v. Gamboa, 439 F.3d 796, 809 (8th Cir. 2006).  In order to determine whether two offenses are the same for double jeopardy purposes, the federal court is obligated to apply the test of Blockburger v. United States, 284 U.S. 299 (1932).  Under that test, "[i]f each offense requires proof of an element not required by the other, the [offenses] are not considered the same, and a double jeopardy challenge necessarily fails."  See United States v. Gamboa, 439 U.S. at 809 [internal quotations omitted].

The Court will not substitute its judgment for the judgment of the jury when it comes to a determination of the facts.  There was sufficient evidence presented for the jury to determine that [Ross] was manufacturing methamphetamine in the tool box from the trunk and possessed the other methamphetamine found in the vehicle.  Therefore no double jeopardy argument exists.

See Ross v. State, 2006 WL 1694902 at 4.

Ross appealed the denial of his motion for new trial and petition for post-conviction to the state Court of Appeals.  On appeal, he did not advance his double jeopardy claim as a separate, free-standing claim but instead rolled it into two other claims.  First, he maintained that his motion for new trial was erroneously denied because, in part, the trial judge "misinstructed the jury."  See Id. at 6.  Ross specifically maintained that the jury was misinstructed because "possession of methamphetamine is necessarily a lesser-included offense of manufacturing methamphetamine, which resulted in the violation of his right against double jeopardy."  See Id.  The state Court of Appeals rejected his assertion for the following reason:

… [Ross] did not proffer an instruction regarding lesser-included offenses. An appellant who seeks reversal based on the failure to instruct the jury as requested by [Ross] must present a record showing a proffer of the requested instruction.  [Citation omitted].  Where the record does not contain any such proffer, we must affirm.  [Citation omitted].

See Id.

-7-

Second, Ross maintained on appeal that the trial judge committed cumulative error, in part, because Ross's "double jeopardy right was violated." See Id. at 7. The state Court of Appeals rejected Ross' assertion for the following reason:

> We have previously held that an appellant asserting a cumulative-error argument must show that there were objections to the alleged errors individually and that the cumulative-error objection was made to the trial court and a ruling obtained. [Citation omitted]. Although [Ross] objected to the alleged errors individually at trial and raised the cumulative-error argument in his new-trial motion, he did not obtain a specific ruling on it. In his ruling from the bench, the trial judge referenced "other allegations" in [Ross'] motion, but the order entered addressed only the allegations of juror misconduct. It was [his] obligation to obtain a ruling in order to preserve this issue for review. [Citation omitted]. Because [he] failed to obtain a ruling and because no error accumulated, we affirm on this point.

See Id.

Did Ross fairly present the substance of his double jeopardy claim to the state courts of Arkansas by following the applicable state procedural rules in raising the claim? Although Ross rolled his double jeopardy claim into two larger claims on appeal, he never obtained a definite ruling on the double jeopardy portion of either claim from the state Court of Appeals. In the context of his challenge to the denial of his motion for new trial, the state Court of Appeals found that he did not "proffer an instruction regarding lesser-included offenses," see Id. at 6, and thus effectively waived any objection he had to the instructions given the jury. Ross nevertheless maintains the following:

The Arkansas Court of Appeals states that a jury instruction of a lesser-included offense should have been proffered. The problem with this argument is that the trial court denied that there was a lesser-included offense. When looking at the Record and the Response from the State concerning the Rule 37 [p]etition, it is plain that neither the Prosecutor nor the trial court believed there was such a thing as a lesser-included offense in this case. Even if one had been proffered it would have been denied and the result would have been the same, in other words, harmless error.

See Document 9 at 2. A proffer, by definition, is simply an offer, and the state Court of Appeals apparently requires that a lesser-included offense instruction be offered in order to challenge on appeal the jury instructions. When Ross failed to make an offer of a lesser-included offense instruction, he was deemed to have waived any objection he had to the jury instructions.[2] In the context of his challenge to the alleged cumulative error committed by the trial judge, the state Court of Appeals found that Ross failed to "preserve this issue for [appellate] review." See Ross v. State, 2006 WL 1694902 at 7.

Given the foregoing, the undersigned finds that Ross did not fairly present the substance of his double jeopardy claim to the state courts of Arkansas by following the applicable state procedural rules for raising the claim. Because he failed to do so, he procedurally defaulted the claim. Having so found, the question is whether he can show cause for his procedural default.

---

[2]

A proffer of a lesser-included instruction was apparently critical because the Blockburger v. United States, 284 U.S. 299 (1932), test for adjudging multiple punishments for the same offense focuses, in part, on "'the statutory elements of the offenses, rather than the evidence presented at trial.'" See United States v. Gamboa, 439 F.3d at 809 [quoting Flittie v. Solem, 775 F.2d 933, 937 (8th Cir.1985)].

With respect to cause, the United States Supreme Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." See Smith v. Murray, 477 U.S. 527, 533-34 (1986).  One can discern from several decisions, though, certain instances in which cause might be found: where some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rules, see Murray v. Carrier, 477 U.S. 478 (1986); where a constitutional claim is so novel that its legal basis is not reasonably available, see Reed v. Ross, 468 U.S. 1 (1984); or, if effective assistance of counsel was not afforded, see Murray v. Carrier, 477 U.S. at 488.  There is also one extraordinary circumstance when relief may be granted without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent.  See Id. at 496.

The undersigned has thoroughly examined Ross' submissions and can find no assertion of cause.  Liberally construing his pro se submissions, he appears to maintain that an objective factor external to the defense impeded his efforts to comply with the state's procedural rules.  He appears to maintain that he was prevented from offering a lesser-included offense instruction and/or obtaining a definitive ruling on his double jeopardy argument within the context of his cumulative error claim because of the trial judge's erroneous rulings.  The undersigned has failed, however, to find any support for the proposition that a trial judge's allegedly erroneous rulings are the type of objective factor that impedes a petitioner's efforts to comply with the state's procedural rules.

Liberally construing Ross' pro se submissions, he appears to also maintain that a constitutional violation has probably resulted in his conviction despite his claim of innocence.   He appears to maintain that he is innocent of either possession of methamphetamine or manufacturing methamphetamine but cannot be guilty of both offenses.   He has failed, however, to offer any "new evidence of factual innocence." See Niederstadt v. Nixon, 05-4329 at 14 (8th Cir. October 17, 2007) (Colloton, J., concurring) ("actually innocent" doctrine is concerned with factual innocence as opposed to legal innocence).   See also Schlup v. Delo, 513 U.S. 298 (1995).

Given the foregoing, Ross cannot show cause for his procedural default or that a constitutional violation has probably resulted in his conviction despite his claim of innocence.  The undersigned therefore finds that claim one of his petition is procedurally barred from federal court review.

CLAIM TWO.  The second claim advanced by Ross is that cumulative error fatally infected his trial.[3]  For the reason that follows, the undersigned finds that Ross did not fairly present the substance of his claim to the state courts of Arkansas.

---

[3]

The undersigned assumes for purposes of the Findings and Recommendation that the assertions supporting Ross' cumulative error claim in federal court are the same assertions that supported his cumulative error claim in state court, i.e., (1) the prosecutor made prejudicial remarks in his opening statement regarding his opinion that methamphetamine was the worst drug in existence and that it was invented by the Nazis; (2) [Ross'] double jeopardy right was violated; (3) there was juror misconduct; (4) the jury failed to follow the law in that accomplice testimony alone was insufficient to convict him; (5) the jury should have considered the relevant factors in a joint occupancy automobile possession case; and (6) a jury instruction on constructive possession in joint automobile occupancy cases was proffered and denied.

The record reflects that although Ross objected individually to the alleged errors underpinning his cumulative error claim, and raised the cumulative error claim in his motion for new trial, he did not obtain a specific ruling on the claim from the trial judge.  Because he failed to obtain a specific ruling on the claim, the state Court of Appeals declined to consider the claim on appeal.

Did Ross fairly present the substance of his cumulative error claim to the state courts of Arkansas by following the applicable state procedural rules in raising the claim? Although the decision of the state Court of Appeals reflects that he did not, he nevertheless maintains that "[the] appellate court was clearly wrong when it decided that the [claim] had not been preserved for appeal."  <u>See</u> Document 9 at 8.  The undersigned assumes for purposes of the Findings and Recommendation that a federal court can determine when a state court has incorrectly decided that a claim was not preserved for appellate review.  Ross has failed to demonstrate, however, that the state Court of Appeals incorrectly decided that his cumulative error claim was not preserved for appellate review.

Given the foregoing, the undersigned finds that Ross did not fairly present the substance of his cumulative error claim to the state courts of Arkansas by following the applicable state procedural rules for raising the claim.  Because he failed to do so, he procedurally defaulted the claim.  Having so found, the question is whether he can show cause for his procedural default.

As the undersigned found above, Ross has advanced nothing as cause for his procedural default. Liberally construing his <u>pro se</u> submissions, he appears to maintain that an objective factor external to the defense, specifically, the trial judge's erroneous rulings, impeded Ross' efforts to comply with the state's procedural rules. Alternatively, he maintains that a constitutional violation has probably resulted in his conviction despite his claim of innocence. As the undersigned found above, though, neither assertion has merit.

Given the foregoing, Ross cannot show cause for his procedural default or that a constitutional violation has probably resulted in his conviction despite his claim of innocence. The undersigned therefore finds that claim two of his petition is procedurally barred from federal court review.

<u>CLAIM THREE</u>. The third claim advanced by Ross is that a new trial should have been granted because of numerous trial errors. For the reasons that follow, the undersigned finds that the claim warrants no relief.

Before addressing Ross' claim, the undersigned makes note of two preliminary matters. First, Norris maintains that the state Court of Appeals correctly decided the claim and the federal court should defer to that decision in accordance with 28 U.S.C. 2254(d). That paragraph provides that a petition for writ of habeas corpus shall not be granted with respect to a claim that was adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Save one part of the claim, it does not appear that it was ever adjudicated on the merits.

The record reflects that in Ross' appeal to the state Court of Appeals, he challenged the trial judge's refusal to grant a new trial.  That claim was comprised of at least three parts.[4]  The state Court of Appeals rejected each part of the claim for the following reasons: (1) Ross' challenge to the jury instructions was rejected because he failed to proffer a lesser-included offense instruction, (2) his challenge to the sufficiency of the evidence was rejected because he failed to move for a directed verdict at the close of all the evidence, and (3) his challenge to juror impartiality was rejected because there was no merit to the assertion.  Save his challenge to juror impartiality, it appears that the claim Ross now makes was rejected not on the merits but on a procedural

---

[4]

Ross maintains in his reply that his claim before the state Court of Appeals was comprised of several other parts.  It is not clear to the undersigned, though, what those other parts were.

ground.[5] It is for that reason that 28 U.S.C. 2254(d) appears to be largely inapplicable.

Second, Norris has not raised the procedural bar in response to certain parts of Ross' claim that a new trial should have been granted.  Because the federal court may, in appropriate circumstances, raise the procedural bar on its own initiative, see King v. Kemna, 266 F.3d 816 (8th Cir. 2001), the undersigned will do so in addressing this claim.

Ross initially maintains that a new trial should have been granted because the jury was misinstructed.  He specifically maintains that the jury was misinstructed because possession of methamphetamine is a lesser-included offense of manufacturing methamphetamine.  This assertion was rejected by the state Court of Appeals because he failed to proffer a lesser-included offense instruction.  Because Ross failed to do so, he did not fairly present the substance of his assertion to the state courts of Arkansas and procedurally defaulted the assertion.  Can he show cause for his procedural default? For the reasons provided above, the undersigned thinks not.  His assertion is thus procedurally barred from federal court review.

Ross next maintains that a new trial should have been granted because the evidence to support his convictions was not sufficient.  This assertion was rejected by the state Court of Appeals because he failed to move for a directed verdict at the close

---

[5]

In Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004), cert. denied, 543 U.S. 1189 (2005), the Court of Appeals noted that "the state court's decision must be a judgment-an adjudication-on a substantive issue-the merits (as compared with a procedural or technical point)."

of all the evidence.  Because he failed to do so, he did not fairly present the substance

of his assertion to the state courts of Arkansas and procedurally defaulted the assertion.

Can he show cause for his procedural default?  Again, the undersigned thinks not.  His

assertion is thus procedurally barred from federal court review.

Ross last maintains that a new trial should have been granted because of juror

misconduct.  This assertion was considered, but rejected, by the state Court of Appeals

for the following reason:

> With regard to [Ross' claim of juror misconduct], [he] argues that
> Weysham [i.e., Ross' sister] testified that she saw two jurors speaking to
> [the mother of Ross' accomplice] and sister after [Ross' accomplice
> testified] and that [the motion of Ross' accomplice] had given a "high-five
> motion" to the two jurors.  [Ross] asserts that it is reasonable to assume
> that the jurors believed [the testimony of Ross' accomplice] and
> empathized with her, especially if they had experienced a history of
> domestic violence as [Ross' accomplice] had alleged she did.  Here, the
> trial court obviously did not believe Weysham's vague allegations.
> Essentially, Weysham did not hear anything that was said and simply made
> assumptions about what she allegedly saw.  On the other hand, one of the
> jurors denied outright saying anything at all to [Ross' accomplice]
> relatives.  The trial court determines the credibility of witnesses.  [Citation
> omitted].  Under these circumstances, we cannot say that the trial court
> abused its discretion in denying [Ross'] motion for a new trial.

See Ross v. State, 2006 WL 1694902 at 7.  Applying the provisions of 28 U.S.C. 2254(d)

to this assertion, Ross has not shown that the decision of the state Court of Appeals was

contrary to, or involved an unreasonable application of, clearly established federal law,

as determined by the United States Supreme Court.  In addition, Ross has not shown that the outcome reached by the state Court of Appeals resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  This assertion therefore warrants no relief.

RECOMMENDATION.  On the basis of the foregoing, the undersigned finds that the claims advanced by Ross in his petition are procedurally barred from federal court review, save his assertion of juror misconduct.  With regard to that assertion, it warrants no relief.  The undersigned therefore recommends that his petition be dismissed and all requested relief be denied.  Judgment should be entered for Norris.

DATED this ___22___ day of October, 2007.


_____

UNITED STATES MAGISTRATE JUDGE

-17-